UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, Plaintiff, v. MICAH JOHN GOURDE, Defendant. | Case No. CR02-6067FDB<br><br>ORDER DENYING MOTION PURSUANT TO *AMELINE* |
|---|---|

This matter is before the Court pursuant to the remand procedure under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) wherein the Court will address the sole question of whether the sentence imposed in this case would have been materially different had the District Court viewed the sentencing guidelines as merely advisory.

Defendant Gourde pleaded guilty to the crime of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2), and Section 2256. The Defendant has been on release pending his appeal.

## SENTENCING BACKGROUND

Under the sentencing guidelines, November 2002 edition, the **Base Offense Level** was **15**. The Court imposed a **two level enhancement** because the offense involved possession of ten or more items containing a visual depiction involving the sexual exploitation of a minor (well over 100 such images in the allocated space on the hard drive of Defendant's computer, and several hundred more such images in the unallocated space of this hard drive.)

There was the possibility of another **two-level enhancement** if the material involved a prepubescent minor of a minor under the age of twelve years. USSG Section 2G2.4(b)(1). Because it was difficult to distinguish the prepubescent minors from among the others without medical evidence, the Government did not pursue this enhancement at sentencing, and the District Court did not impose this enhancement.

The District Court imposed another **two-level enhancement** because the defendant's possession of the illegal material resulted from the use of a computer.

The **Adjusted Offense Level** was **19**, which the Court adjusted downward by three levels to account for the defendant's acceptance of responsibility.

The **Total Offense Level** was **16**, and the defendant's **Criminal History Category** was **I**.

The resulting **sentencing range** was 21-27 months.

The District Court sentenced Defendant Gourde to the low end of the range, **21 months**.

## DISCUSSION

Defendant contends that Gourde suffers from bipolar disorder and that he was suffering from this disorder at the time of his offense. This information was not available to the Court a the time of sentencing because Defendant contends that he was not diagnosed with bipolar disorder until sometime before the fall of 2006. Thus, Defendant argues that with no concrete explanation to offer the Court at the time of sentencing, counsel requested a reduced sentence based on the aberrant nature of the offense and Defendant's post-offense rehabilitation. The Guidelines, however,

mandated that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted." USSG § 5H1.3. Defendant further contends that "[f]requently bipolar disorders are diagnosed as depressive disorders multiple times before the more accurate diagnosis of bipolar disorder is made." (Dr. Steven Kiel, Exh. A at. 1.) Defendant asserts that he first sought treatment for depression in 1998 when he was 22 years old. (PSR ¶ 50.) He discontinued therapy after six months. *Id.* He began having suicidal thoughts, and, in the two years leading up to his offense, he began drinking heavily. (PSR ¶ 54.) He was suffering from insomnia and undergoing treatment for sleep apnea at the time of the offense. (PSR ¶ 49.) Defendant argues that Defendant has no prior criminal record or previous involvement with child pornography, and that his girlfriend, family, friends, and employer can attest that Defendant has led a perfectly normal, productive life for the past three years. Thus, Defendant argues that the Court should consider whether the original sentence is greater than necessary given the circumstances of the offense and whether 21 months of incarceration is actually required to "protect the public from further crimes" in light of the diagnosis and treatment.

The Government argues that it is insufficient for Defendant to contend now that symptoms were described in 2000 that are compatible with bipolar disorder and that, therefore Defendant must have had bipolar disorder at that time. Most important, argues the Government, Dr. Kiel does not offer a link between Defendant's bipolar disorder and the commission of the specific criminal offense to which Defendant pleaded guilty. Without the necessary link, there is no basis for the Court to believe that Defendant's condition caused the commission of the offense in questions. Significantly, argues the Government, none of this information about depressive disorders was presented to the Probation Office during the original Presentence Investigation. The Presentence Report states in pertinent part, in the section entitled "Mental and Emotional Health," that Gourde reported a history of having suicidal thoughts, which increased over the past two years and that he believed his job stress, alcohol abuse, and lack of sleep all contributed to this condition. (Government's Supp.

Memo., p. 3.) It is also states that when his involvement in child pornography became public he renewed his interest in therapy, and reported attending two to four counseling sessions per month. (Government's Supp. Memo., p. 3) The Presentence Report also states:

> The defendant would not discuss his therapy during the presentence interview and declined to authorize a release of information for this mental health provider. When asked by this office if sexual deviance was a subject pursued by the defendant at counseling, he replied that his therapist does not believe he has an issue with sexual deviancy.

( *Id.*, citing PSR, ¶¶ 50-53.)

The Government also points out that the Court heard at length several arguments raised by counsel at the sentencing hearing in support of a downward departure. The bases for the departures were aberrant behavior and post-offense rehabilitation, which the Court considered, noting that it had wide discretion, and chose not to depart. Defense counsel also argued forcefully for a downward departure based on Defendant's alcoholism, and Defendant personally addressed the court and mentioned his alcohol-related problems and sleep apnea. There was no mention of depressive disorders.

In summary, the Government argues that Defendant had ample opportunity at sentencing to present to the Court the facts surrounding any depressive disorders and his counseling sessions with Randall Hearst at Longview Psychiatric Resources, but chose not to do so. A diagnosis of bipolar disorder three years later does not sufficiently establish the defendant's mental condition at the time of the offense. Finally, there is no medical opinion linking the defendant's disorder to his criminal offense.

Whatever label is placed on conditions Defendant recites as to his mental and emotional health (suicidal thoughts, stress, alcohol abuse, insomnia) as well as sleep apnea, Defendant presents no evidence that this collection of symptoms is linked to Defendant's criminal offense of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct. The record shows that the Court was aware of the various conditions that Defendant now argues constitute bipolar disorder,

but Defendant's Dr. Kiel merely states that Defendant's offense conduct itself is consistent with the type of behavior associated with untreated bipolar disorder. There is certainly no evidence that Defendant's various conditions caused Defendant to commit the offense. Under these circumstances, there is no basis to conclude that Defendant's sentence would have been materially different had the Court viewed the Sentencing Guidelines as merely advisory.

NOW, THEREFORE, IT IS ORDERED:

1. Defendant's *Ameline* Motion [See Dkt. # 64, Court's order setting briefing schedule] is DENIED, and any pending motions relative to the motion should now be terminated.

2. As Defendant Gourde has been on release pending appeal, Defendant Gourde should report pursuant to the terms of the Judgment entered June 13, 2003 [Dkt. # 48].

DATED this 29th day of January, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE